IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ANTHONY J. BRODZKI, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. No. 10-1141-SLR |
| | ) |
| CBS SPORTS, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM ORDER**

At Wilmington this 5th day of April, 2011;

IT IS ORDERED that the complaint is dismissed as frivolous pursuant to 28 U.S.C. § 1915, for the reasons that follow:

1. **Background.** Plaintiff Anthony J. Brodzki ("plaintiff") filed this action on December 28, 2010, pursuant to 42 U.S.C. § 1983, alleging civil rights violations as well as the torts of defamation, slander, assault, battery, false imprisonment of the mind, and emotional distress. He appears pro se and has been granted leave to proceed in forma pauperis.

2. **Standard of Review.** This court must dismiss, at the earliest practicable time, certain in forma pauperis actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however

inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

3. An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); see, e.g., *Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

4. The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999) (applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. § 1915, the court must grant plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

5. A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, __U.S.__, 129 S.Ct. 1937 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by

mere conclusory statements." *Id.* at 1949. When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that plaintiff has a "plausible claim for relief."[1] *Id.* at 211. In other words, the complaint must do more than allege plaintiff's entitlement to relief; rather it must "show" such an entitlement with its facts. *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Iqbal*, 129 S.Ct. at 1949 (quoting Fed. R. Civ. P. 8(a)(2)).

6. **Discussion.** Plaintiff resides in North Richland Hills, Texas. He alleges that on December 19, 2010, during a nationally broadcast CBS[2] sports show, broadcaster Bill Cowher ("Cowher") stated to broadcaster Dan Marino ("Marino"), "you took a picture" of a boy's genitalia, wherein Marino replied, "let me get that person's name . . . right, Tony

---

[1] A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*

[2] The CBS Corporation is incorporated in the State of Delaware, and its corporate headquarters are in New York. *Emerson Elec. Co. v. Le Carbone Lorraine, S.A.*, 500 F. Supp. 2d 437, 441 (D.N.J. 2007).

Brodzki." Plaintiff claims that he has been "horribly slandered and defamed, and assaulted and emotionally battered by this said." (D.I. 2)

7. **Civil Rights**. Although not stated in the complaint, the civil cover sheet indicates that plaintiff filed this lawsuit pursuant to 42 U.S.C. § 1983. When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Defendant is not a state actor and, therefore, the civil rights claim fails.

8. **Torts**. Plaintiff also alleges the commission of several torts. Plaintiff's scant allegations, however, do not adequately plead the elements of defamation,[3] slander,[4] assault,[5] or battery.[6] Nor has he adequately pled emotional distress. *See Barker v. Huang*, 610 A.2d 1341, 1350-51 (Del. 1992) ("[A]n independent action for intentional infliction of emotional distress does not lie where, the gravamen of the complaint sounds

---

[3] Under Delaware law, generally, the elements of defamation are: (1) a defamatory communication; (2) publication; (3) the communication refers to the plaintiff; (4) a third party's understanding of the communication's defamatory character; and (5) injury. *Bickling v. Kent Gen. Hosp., Inc.*, 872 F.Supp. 1299, 1307 (D. Del. 1994).

[4] Oral defamation. *Spence v. Funk*, 396 A.2d 967, 970 (Del. 1978).

[5] An assault is the attempt by a person, in a rude and revengeful manner, to do an injury to another person, coupled with the present ability to do it. *Lloyd v. Jefferson*, 53 F. Supp. 2d 643, 672 (D. Del. 1999).

[6] The tort of battery is the intentional, unpermitted contact upon the person of another which is harmful or offensive. *Brzoska v. Olson*, 668 A.2d 1355, 1350 (Del. 1995).

in defamation." Further, there is no such tort as "false imprisonment of the mind." Finally, the allegations are fantastic, delusional, irrational, and frivolous.

9. Plaintiff has a history of filing frivolous lawsuits. According to the National Case Party Index database, beginning in 2009 to date, plaintiff has filed over seventy civil actions, nine appeals, and one bankruptcy. The United States District Court for the Northern District of Illinois issued a vexatious litigant order against plaintiff, *In Re: Anthony J. Brodzki*, Civ. No. 10-04591 on July 23, 2010. In addition, plaintiff was sanctioned on April 19, 2010, in the United States District Court for the Northern District of Texas based upon his history of submitting multiple frivolous lawsuits in *Brodzki v. North Richland Hills Police Dep't*, Civ. No. 10-0539-P-BH, 2010 WL 1685798 (N.D. Tex. Apr. 19, 2010), *aff'd*, No. 10-10428, 2011 WL 148136 (5th Cir. Jan. 18, 2011). The court notes that many of plaintiff's prior lawsuits were found to be frivolous and have been described as "wholly within the realm of fantasy." *See Brodzki v. Regional Justice Ctr.*, Civ. No. 10-01091-LDG-LRL, July 22, 2010 order. Based upon the allegations and the absence of a viable claim that could be alleged in an amended complaint, the complaint will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

10. **Conclusion.** For the above reasons, the complaint is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). Amendment of the complaint would be futile. *See Alston v. Parker*, 363 F.3d 229 (3d Cir. 2004); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002); *Borelli v. City of Reading*, 532 F.2d 950, 951-52 (3d Cir. 1976).

_____
UNITED STATES DISTRICT JUDGE